## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**LASOAH SAVANT**
**ADC #141211**                                                              **PLAINTIFF**

**V.**                        **CASE NO. 5:13CV00257 JLH/BD**

**THANE HUYARD**                                                             **DEFENDANT**

### RECOMMENDED DISPOSITION

I.    **Procedures for Filing Objections**:

     This Recommended Disposition ("Recommendation") has been sent to United

States District Judge J. Leon Holmes.  Mr. Savant–or any party–may file written

objections to this Recommendation.

     Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

     An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

     If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II.   **Discussion:**

Lasoah Savant, an Arkansas Department of Correction inmate, filed this lawsuit pro se under 42 U.S.C. § 1983.[1]  (Docket entry #2)  Because his original complaint was deficient, Mr. Savant was instructed to amend his complaint.  (#3)  After submitting a supplement to his original complaint, as well as a declaration in support, the Court determined that Mr. Savant had stated a retaliation claim against Defendant Huyard.  (#15)  Mr. Savant's claims against Defendant Banister, as well as his claims relating to the appeal of his disciplinary conviction, however, were dismissed.  (#24)

Defendant Huyard has now moved for summary judgment on Mr. Savant's claims against him.  (#84)  After Defendant Huyard submitted his motion for summary judgment, the Court allowed Mr. Savant to amend his complaint to pursue claims against Defendant Huyard in both his individual and official capacities.  (#96)  Defendant Huyard then filed a second motion for summary judgment.  (#98)  Although Mr. Savant responded to Defendant Huyard's first motion for summary judgment, he has not responded to the second motion, and the time for doing so has passed.

---

[1]  Mr. Savant was formerly known as Eric Ford.

Based on the evidence presented, the Court recommends that Mr. Huyard's motions for summary judgment (#84, #98) be GRANTED, and that Mr. Savant's claims be DISMISSED, with prejudice.[2]

## III. <u>Analysis:</u>

### A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). A moving party must first present evidence that there is no genuine dispute of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Where a responding plaintiff does not submit enough proof to establish a necessary element of a claim, the defendant is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

---

[2] Although Defendant Huyard also argues that he is entitled to both sovereign and qualified immunity, because the Court finds that Mr. Savant's retaliation claim fails as a matter of law, the Court will not address Defendant Huyard's immunity arguments in this Recommendation. Similarly, because Mr. Savant's claims cannot move forward, the Court will not address whether Mr. Savant is entitled to the relief requested against Defendant Huyard in either his official or individual capacity.

B.      Retaliation

To prove retaliation, a prisoner must present evidence that:  he engaged in
constitutionally protected activity; defendants took adverse action against him that would
chill a person of ordinary firmness from engaging in that activity; and retaliation was the
actual motivating factor for the adverse action.  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th
Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).  The threat of retaliation
can constitute retaliation if the defendant's acts or statements, "would chill a person of
ordinary firmness from continuing in the protected activity." *Santiago v. Blair*, 707 F.3d
984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (2004)).

The following facts are not in dispute.  On June 28, 2013, Mr. Savant was taken to
the recreation yard.  Although Mr. Savant is usually allowed to choose his own recreation
cell, on the date in question, due to extra security measures, he was assigned a recreation
cell.  (#86-2 at pp.7-8)  Defendant Huyard told Mr. Savant that he could either use the
assigned recreation cell or return to his indoor cell.  (#86-2 at p.5)  Mr. Savant told
Defendant Huyard to take him into his indoor cell.  (#86-2 at p.5)  Defendant Huyard then
wrote Mr. Savant a disciplinary for failing to obey staff orders.  (#86-3 at pp.3-4)  Mr.
Savant was convicted of the disciplinary at issue.  (#86-3 at p.1)

Mr. Savant's claim fails, first, because there is no constitutional liberty interest at
stake; and second, because he has no evidence to support his subjective belief that

4

Defendant Huyard issued the disciplinary in anticipation that Mr. Savant would file a grievance or a lawsuit.

First, the punishment imposed as a result of the disciplinary did not result in a loss of liberty serious enough to trigger the protection of the Constitution's due process clause. Without a liberty interest, there is no constitutional violation.

Second, the only claim remaining in the lawsuit is a retaliation claim. Mr. Savant alleges that Defendant Huyard wrote the disciplinary in retaliation, but he has not come forward with any evidence showing that retaliation was the "actual motivating factor" behind Defendant Huyard's conduct, or that Defendant Huyard would not have disciplined him "but for a retaliatory motive." *Lewis,* 486 F.3d at 1029; *Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009). Mr. Savant testified that Defendant Huyard issued the disciplinary because he knew or suspected that Mr. Savant would file a grievance against him, but he has not offered any evidence to support that belief. (#86-2 at p.6)

Mr. Savant alleges that he told Defendant Huyard that he was going to file a lawsuit against him, but that conversation took place <u>after</u> Defendant Huyard had issued the disciplinary at issue here. (#86-2 at p.6) Because Mr. Savant has not come forward with any evidence creating a genuine issue of material fact, Defendant Huyard is entitled to judgment as a matter of law.

With that said, it is difficult to discern what evidence supported the disciplinary issued and upheld against Mr. Savant.  Even the Defendant's version of events confirms that Mr. Savant was given the option of going to an assigned recreation cell or returning to his cell inside and giving up recreation time for the day.  He chose to return to his cell and to forfeit recreation time.  There is nothing in this record to indicate what staff order he "failed to obey."  He was not ordered to take recreation time, but rather, was given the choice to go to the alternate yard cell or return to his indoor cell.  The Defendant's briefs focus on the fact that Mr. Savant received procedural due process, but that was never an issue in this case.  Unfortunately for Mr. Savant, under current law, there is apparently no federal recourse for inmates who are convicted based on something less than "some evidence" where, as here, there is no constitutional liberty interest at stake.

## IV.    Conclusion:

The Court recommends that Mr. Huyard's motions for summary judgment (#84, #98) be GRANTED, and that Mr. Savant's claims be DISMISSED, with prejudice.

DATED this 28th day of April, 2014.

_____

UNITED STATES MAGISTRATE JUDGE